IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MARIA RODRIGUEZ,

    **Plaintiff,**

v.

CONVERGENT OUTSOURCING, INC.,

    **Defendant.**

_____/

Case No.

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Maria Rodriguez ("Plaintiff") sues Defendant Convergent Outsourcing, Inc. ("Defendant") for violations the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA")

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

PAGE | 1 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a Washington Corporation, with its principal place of business located in Renton WA 95805.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Santander Consumer, and Plaintiff involving an unsecured line of credit for the personal use of Plaintiff. (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900904.

PAGE | 2 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

20. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

21. The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the consumer debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

22. The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

23. The Transmitted Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

24. Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

25. In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

26. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated November 25, 2020, (the "Collection Letter") in an attempt to collect the Consumer Debt.

27. Attached as Exhibit "A" is a copy of Collection Letter.

28. Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA. *See* Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021) (a complete copy of the Hunstein opinion is attached as Exhibit "B").

29. The Collection Letter contains a bar code and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

30. For Defendant to maintain a *valid* consumer collection agency license with the Florida Department of State (*so to otherwise lawfully collect, or attempt to collect, consumer debts from Florida consumers*) Defendant knew it was required to tailor its (Defendant-DC's) debt collector methods to be in compliance with both the FDCPA and FCCPA.

31. Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

32. The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(b)

33. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint.

34. Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

35. As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication ' in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

36. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF FLA. STAT. § 559.72(5)

37. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint.

38. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

39. As set forth above, Defendant unlawfully transmitted Plaintiff's personal information, by and through the Transmitted Information, to the Third-Party, whereby said transmitted information affective Plaintiff's reputation because the Third-Party did not have any *legitimate* need for unlawfully transmitted personal information of Plaintiff.

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

 (a) Statutory and actual damages pursuant to Fla. Stat. §559.77(2);

 (b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

 (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

 (d) Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 2, 2021

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:     855-529-9540

# EXHIBIT "A"

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED



Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9004
Renton, WA 98057
Mon-Thu 8AM-8PM, Fri 8AM-5PM CST
877-495-0400

Date: 11/25/2020
Creditor: Velocity Investments, LLC
Original Account #: 30000172168381000
Convergent Account #: S-69479722
Original Creditor: Santander

Maria Rodriguez
3102 Hayes St
Hollywood FL 33021-5552

Amount Owed: $4,287.40
Total Balance: $4,287.40

Dear Maria Rodriguez:

The above referenced creditor has placed your account with our office for collection.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Please send any correspondence to Convergent Outsourcing, Inc. at PO Box 9004 Renton, WA 98057.

NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

Questions about Convergent visit http://convergenthelp.com/



3 CONVENIENT WAYS TO PAY:

Pay Online:  Pay your bill online with your credit/debit card or checking account at www.payconvergent.com

Pay by Phone:   We offer check by phone, Western Union, and credit/debit card. 877-495-0400.

Pay by Mail:  Send payments to Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

004120955
848ATERSO01S1XGX